UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LARRY ROSE and ANDREA ROSE,**

    *Plaintiffs*,

v.                                             **Case No. SA-21-CV-0616-JKP**

**STATE FARM LLOYDS,**

    *Defendant*.

## ORDER OF ADMINISTRATIVE CLOSURE

Before the Court is the status of this case, including a Notice of Updated Status as to Alternative Dispute Resolution ("ADR") (ECF No. 23), a Joint Motion for Continuance of Trial Scheduling Order (ECF No. 36), and an Unopposed Motion to Extend the Time for Plaintiffs to Respond to State Farm's Motion for Summary Judgment (ECF No. 37).

The two motions present scheduling conflicts between this case and another one involving the same defendant and the same attorneys on both sides with one difference in defense counsel. The conflicts, however, are essentially of the parties' own making. In denying a recent motion in the other case, the Court stated: "This is the sixth motion for continuance and extension of deadlines, and it should not take the parties more than three years to litigate an insurance claim involving a single-family dwelling." For this case, the motion for continuance is the ninth motion for extension of time. The Court is inclined to simply deny both motions for the same reasons as in the other case.

But in reviewing this case, the Court noticed that the parties completed mediation prior to completing necessary depositions. On February 8, 2023, the parties stated that they had "been unable to schedule" mediation and "that expert depositions are needed before either party can evaluate whether mediation will be fruitful." *See* ECF No. 23. The parties also indicated that they were in the process of scheduling mediation and would "provide the required report thereafter." *Id*. In their fourth request for extension of time (ECF No. 24), the parties state that they participated in mediation on March 10, 2023, without success, and indicated that fact and expert witness depositions remained to be completed. At that point, the parties had only conducted the depositions of

Plaintiffs. Thus, although the parties participated in mediation, they did so prior to conducting the discovery that they had stated was needed.

As reflected in W.D. Tex. Civ. R. 88(a), mediation is mandatory "unless specifically ordered otherwise." The Court has not otherwise ordered in this case. And any "party opposing ADR must file a motion requesting to be exempt." *See* W.D. Tex. Civ. R. 88(e). No party has moved to be exempt. Although the parties engaged in unsuccessful mediation at an earlier stage, the completion of discovery may facilitate more successful efforts.

Accordingly, the Court **ORDERS** the parties to engage in further mediation. To defray the expense somewhat, it will refer mediation to a United States Magistrate Judge. It hereby **STAYS** this case pending mediation, **VACATES** all deadlines and settings, and **MOOTS** all pending motions (ECF Nos. 36 and 37), **except** for the partial motion for summary judgment (ECF No. 33).

Given the uncertain duration of this stay, the Court finds it appropriate to administratively close this case in the interim. When a case is subject to an indefinite or lengthy stay, it is appropriate for administrative closure. *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). The act of administrative closure is not a dismissal or disposition of the case, nor any reflection or comment on the merits of this action. The Court or any party may initiate further proceedings as warranted. *See id.* The existing stay will remain in effect pending further order of the Court.

For the foregoing reasons, the Court **DIRECTS the Clerk of Court to administratively close this case pending further court order.** If the additional mediation is unsuccessful, Plaintiffs shall file their response to the motion for summary judgment within fourteen days after mediation is completed. The Court will thereafter reset the case for trial.

**IT IS SO ORDERED this 29th day of August 2024.**

*(signature: Jason Pulliam)*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**